**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4869

GEORGIANA DESOUZA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-94-543-A)

Submitted: September 22, 1998

Decided: October 26, 1998

Before WIDENER and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Barry, Fairfax, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Anastasia Enos, Special Assistant United
States Attorney, David G. Barger, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

A jury convicted Georgiana Desouza of criminal contempt of court and obstruction of justice. On appeal, she asserts that: (1) the Government failed to prove that she was not entitled to the assets she removed from the United States and therefore failed to prove that she was guilty of obstruction; (2) she should have only been charged with contempt and not obstruction; (3) no judicial proceeding was pending which would justify the obstruction charge; (4) the subpoena ordering her appearance at a deposition and the deposition itself were invalid; (5) she was entitled to a bill of particulars; and (6) her prosecution for obstruction of justice violated her rights against double jeopardy. Finding no error, we affirm.

Desouza's husband was convicted pursuant to his guilty pleas of conspiracy involving tax fraud, bankruptcy fraud, money laundering, making false claims against the government, and conversion of government assets, and he was sentenced, _inter alia_ , to serve five years in prison, pay a $100,000 fine, and pay $90,441 in restitution.**1** As part of her husband's plea agreement, all charges against Desouza were dropped and he agreed to help the Government locate all illegally obtained assets. However, during post-sentencing interviews, Desouza's husband stated that he could not remember where the assets were located. He further claimed that their thirteen-year-old daughter, Kimberly, and eighteen-year-old son, Brett, handled the family and business finances, respectively.

As a result of the ambiguous answers given by Desouza's husband, the Government was forced to initiate civil proceedings to recover the

_____

**1** Desouza's husband committed his fraudulent activities through his company, which performed work for the Department of Defense. It is undisputed that Desouza was aware of the sentence.

2

amount of the fine and restitution. As part of these proceedings, Desouza and Kimberly were subpoenaed to give depositions concerning the whereabouts of the missing assets.**2** Desouza made various excuses why she and Kimberly could not appear at the deposition on the scheduled date or place, and the depositions were eventually postponed.**3**

Meanwhile, during the short period of time between her husband's sentencing and the deposition date, Desouza withdrew large sums of money from various bank accounts in Northern Virginia. These accounts were in her and her children's names or in nominee names used by Desouza's husband in his fraudulent scheme. **4** Some of this money was later deposited in accounts in Canadian banks using the children's names or in the nominee names. Desouza also purchased one-way airline tickets to Toronto, Canada, for herself and her four children and called a moving company and ordered an expedited move from Virginia to Canada. Desouza did not give the moving company a destination address, but she told a neighbor that she had lots of cash with her and would purchase a home in Canada when she got there. Desouza ultimately did so, titling the house in Brett's name.**5**

Desouza claims that the evidence was insufficient to support a finding of guilt on the obstruction charge because the Government failed to prove that she was not entitled to the assets she removed from the United States. We disagree. It is well-established that the focus in obstruction cases is whether the defendant "had the requisite corrupt intent to improperly influence the investigation, not on the means the defendant employed in bringing to bear this influence." United States v. Mitchell, 877 F.2d 294, 299 (4th Cir. 1989). As a result, even legal means of influence may be obstructive. Id. In the present case, Desouza knew that the Government was trying to locate assets ille-

_____

**2** Brett was also subpoenaed, but a psychiatrist told the Government that he was mentally incompetent to handle finances or to testify.
**3** Desouza and Kimberly failed to appear for their depositions. Subsequent investigation revealed that most of the excuses were without merit.
**4** The total amount of money withdrawn closely approximated the amount of illegally obtained assets.

**5** Desouza let the house in Virginia go into foreclosure.

3

gally obtained by her husband. By showing that Desouza withdrew all of the money from accounts controlled by the family and her husband's business, including accounts held in names used in the fraudulent scheme, that she fled to Canada on short notice, and that she refused to give deposition testimony concerning the location of the illegally obtained assets, we find that the Government satisfied its burden of proving corrupt intent.**6** Whether she was entitled to the assets was irrelevant; it was the manner in which she transferred the assets and the totality of the circumstances surrounding her actions following her husband's sentencing that resulted in her conviction.**7**

We further reject Desouza's conclusory allegation that her conduct merely amounted to contempt of court and that she should not have been charged with obstruction of justice. The contempt charge was based on the discreet act of failing to obey the subpoena. As discussed above, the totality of Desouza's conduct, including her closing of accounts, flight to Canada, titling the home in Brett's name, and failure to give deposition testimony supported the separate obstruction charge.

We find that Desouza's other claims are not supported by the record. The civil proceeding to collect the fine and restitution owed by Desouza's husband was clearly a judicial proceeding under the obstruction statute. As a result, the subpoenas and scheduled depositions were valid. The district court did not abuse its discretion in denying Desouza's motion for a bill of particulars because the detailed indictment provided sufficient notice of the factual and legal bases for the charges against her. Finally, the misconduct charged in the current indictment was totally unrelated to the misconduct charged in a prior indictment against Desouza and her husband.**8**

_____

**6** Desouza does not challenge the jury's finding on this issue.

**7** We note that Desouza prevented the Government from determining her entitlement to the assets by refusing to give deposition testimony about them.

**8** The prior indictment charged Desouza and her husband with witness tampering in connection with his case. The charges against Desouza were dismissed as part of her husband's plea agreement.

4

We therefore affirm Desouza's conviction and sentence. Desouza's unopposed motion to submit her case on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5